United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11220
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALEXIS ADRIAN GUZMAN-GONZALEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-204-ALL-H
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Alexis Adrian Guzman-Gonzalez appeals his conviction of one charge of illegal reentry into the United States and the resulting sentence of 54 months in prison and a two-year term of supervised release. He first challenges the constitutionality of 8 U.S.C. § 1326(b). Guzman-Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Guzman-Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Guzman-Gonzalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Guzman-Gonzalez also argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory Guidelines scheme held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Because the district court sentenced Guzman-Gonzalez under a mandatory Guidelines regime, it committed <u>Fanfan</u> error. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005). When a <u>Fanfan</u> error "is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless." <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).

The Government concedes that Guzman-Gonzalez's objection, which was grounded in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), was sufficient to preserve his <u>Fanfan</u> claim and that the harmless error standard of review applies. We conclude that the Government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same

sentence absent the error.  See <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005).  We therefore vacate Guzman-Gonzalez's sentence and remand for resentencing.


     CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.